IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHUA TILAHUN,

    Plaintiff,

v.

COLLETTE PETERS; BRIAN BELLAQUE;
MIKE GOWER; S. KLEIER; H. BRANCH;
GARRETT LANEY; and BRANDON KELLY,

    Defendants.

Case No. 6:17-cv-01427-AC

ORDER TO DISMISS

SIMON, Judge.

Plaintiff, an inmate at the Oregon State Penitentiary, brings this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons set forth below, the court dismisses Plaintiff's complaint.

## BACKGROUND

Plaintiff alleges violation of his rights under the Eighth Amendment. By way of supporting facts, Plaintiff alleges he was placed on "close supervision status" as punishment for refusing to accept a cell-mate. Plaintiff does not allege the consequences of "close supervision status." Plaintiff

1 - ORDER TO DISMISS -

also does not allege personal involvement by any of the named Defendants in the decision to place him on "close supervision status."

## STANDARDS

Where a prisoner proceeding *in forma pauperis* files an action seeking redress from a governmental entity or officer or employee of a governmental entity, the court shall dismiss the case at any time if the court determines that:

(B) the action . . .

 (i) is frivolous or malicious;

 (ii) fails to state a claim on which relief may be granted; or

 (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. §§ 1915(e)(2) and 1915A(b).

In order to state a claim, a plaintiff's complaint must contain sufficient factual allegations which, when accepted as true, give rise to a plausible inference that the defendants violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

As the Ninth Circuit has instructed however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). A "complaint [filed by a *pro se*

prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this Court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege personal involvement by the Defendants in the alleged violation of the Plaintiff's rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Arnold v. Int'l. Business Machines, Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). Liability may also be imposed if the defendant sets into "'motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" *Gini v. Las Vegas Metropolitan Police Dept.*, 40 F.3d 1041, 1044 (9th Cir. 1994) (quoting *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987)).

Moreover, in order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts establishing that the defendant is acting under the color of state law at the time the acts complained of were committed, that the acts complained of resulted in the deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States, and that the plaintiff was damaged as a result. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005); *Azer v. Connell*, 306 F.3d 930, 935 (9th Cir. 2002).

3 - ORDER TO DISMISS -

Finally, the Eighth Amendment protects prisoners from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000). However, "routine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. *Id.* Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. *Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150–51 (9th Cir. 2010); *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010).

Here, Plaintiff alleges no facts establishing that any of the named Defendants were personally involved in any violation of Plaintiff's rights. Moreover, Plaintiff does not allege any facts establishing that prison officials knew of and disregarded a substantial risk of harm to Plaintiff. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## **CONCLUSION**

Based on the foregoing, IT IS ORDERED that Plaintiff's complaint is DISMISSED. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that his amended complaint must specifically include (1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights, (2) the dates on which the conduct allegedly took place, and (3) the specific

conduct Plaintiff alleges is unconstitutional. Plaintiff is cautioned that failure to file an Amended Complaint curing the deficiencies noted within the time provided will result in the dismissal of this proceeding. In lieu of an Amended Complaint, Plaintiff may move to voluntarily dismiss this action, without prejudice.[1]

IT IS SO ORDERED.

DATED this 30th day of March, 2018.

Michael H. Simon
United States District Judge

---

[1] Plaintiff is advised that under the Prison Litigation Reform Act, a prisoner is prohibited from proceeding in a civil action without full payment of the filing fee if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action in a court of the United States that was dismissed as frivolous or for failure to state a claim unless the prisoner is under imminent danger of serious physical harm. 28 U.S.C. § 1915(g).

5 - ORDER TO DISMISS -